IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| MARIA WHITE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 7-10-CV-137-BD |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Maria White seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision is reversed.

I.

Plaintiff alleges that she is disabled due to a variety of ailments, including diabetes, high blood pressure, a back injury, arthritis, acid reflux, asthma, depression, anxiety, anger problems, and a low IQ. After her applications for disability and supplemental security income ("SSI") benefits were denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. That hearing was held on August 19, 2009. At the time of the hearing, plaintiff was 39 years old. She has an eighth grade education and past work experience as a caregiver, a laborer, and a cleaner. Plaintiff has not engaged in substantial gainful activity since March 11, 2008.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability or SSI benefits. Although the medical evidence established that plaintiff suffered from diabetes mellitus, fibromyalgia, obesity, hypertension, major depressive disorder, and personality disorder, the judge

concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform a limited range of light work, but could not return to her past relevant employment. Relying on the testimony of a vocational expert, the judge found that plaintiff was capable of working as a motel maid, a small products assembler, and a packing line worker -- jobs that exist in significant numbers in the national economy. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

II.

In a single ground for relief, plaintiff contends that the assessment of her residual functional capacity is not supported by substantial evidence because the ALJ failed to adequately develop the record by ordering a consultative psychological evaluation with IQ testing.

A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *see also Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *See Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show

that the claimant is capable of performing other work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant establishes prejudice. *See Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

Plaintiff contends that the ALJ failed to develop the record by ordering a consultative psychological evaluation to fully evaluate the limitations of her intellectual functioning. It is well-established that the ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Cornett v. Astrue*, 261 Fed.Appx. 644, 2008 WL 58822 at *2 (5th Cir. Jan. 3, 2008); *Ripley*, 67 F.3d at 557. This duty requires the ALJ to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984) (citing cases). When the existing medical evidence is inadequate to make a disability determination, the Social Security regulations require the ALJ to develop the record by recontacting

the claimant's medical sources or referring the claimant for a consultative examination. *See* 20 C.F.R. § 404.1512(e)-(f). "A consultative evaluation becomes 'necessary' only when the claimant presents evidence sufficient to raise a suspicion concerning a non-exertional impairment." *See Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996), *citing Jones v. Bowen*, 829 F.2d 524, 526 (5th Cir. 1987). If the claimant establishes that a consultive evaluation might have led to a different decision, a remand is required. *See Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000) (reversal appropriate only if claimant shows prejudice resulting from ALJ's failure to request additional information); *Brock*, 84 F.3d at 728, *quoting Kane*, 731 F.2d at 1220 (plaintiff must "show that he 'could and would have adduced evidence that might have altered the result'").

The record shows that plaintiff scored between 50 and 70 on six different IQ tests administered in 1980 and 1983, when she was 10 and 13 years old, respectively. (*See* Tr. at 170, 173, 177). An Individual Assessment Report prepared by an educational diagnostician in 1980 indicated that plaintiff's adaptive behavior was "below test [mean]" and in the "risk" range. (*Id.* at 176-77). The diagnostician concluded that plaintiff met the criteria for "moderate" mental retardation because she was functioning three standard deviations below the mean on individually administered scales of verbal ability, performance, and adaptive behavior. (*Id.* at 170, 172, 175-77). A similar report prepared three years later by another educational diagnostician indicated that plaintiff satisfied the requirements for "mild" mental retardation. (*Id.* at 170, 172). Based on those findings, plaintiff was classified as "mentally retarded" and placed in special education classes until she dropped out of school in the eighth grade. (*See id.* at 34, 164, 169, 172, 196-97). Since that time, plaintiff has worked only in unskilled jobs. (*See id.* at 53).

At the administrative hearing, plaintiff's representative argued that the school records were evidence of a low IQ that supported a finding of disability. (*Id.* at 56). If the ALJ disagreed,

plaintiff's representative requested a "complete psychological for IQ testing." (*Id.*). The ALJ acknowledged this request, but declined to order a consultative IQ test:

> The undersigned notes that during the April 17, 2008 psychiatric evaluation the claimant was estimated to possess intellectual functioning at the average level and during the April 28, 2008 consultative psychological evaluation she was estimated to possess intellectual functioning at the borderline level. Subsequently, the psychiatrist and other mental health specialists have continued to persistently assess the claimant as possessing average level intellectual functioning. These estimates appear to be consistent with other medical evidence in the hearing record and consistent with the claimant's reported activities of daily living and her work history. The undersigned finds that the hearing record is sufficient without the government incurring the additional expense of the requested psychological evaluation with I.Q. testing.

(*Id.* at 13) (internal citations omitted). Notably, the ALJ failed to mention plaintiff's low IQ scores or any of the evidence contained in her school records, and completely ignored the fact that plaintiff had been found mentally disabled as a child.

In view of the strong evidence suggesting that plaintiff suffers from some degree of mental retardation, the ALJ should have ordered a consultative psychological evaluation with IQ testing before making a disability determination. Plaintiff scored below 70 on six different IQ tests administered by educational diagnosticians when she was in grade school, and was determined to be mildly to moderately mentally retarded as a child. (*See id.* at 170, 172, 173, 176, 177). There is a presumption that IQ remains stable over time. *See, e.g. Adams v. Astrue*, No. 4-10-CV-0216-BD, 2011 WL 2550772 at *3 (N.D. Tex. Jun. 27, 2011); *Durden v. Astrue*, 586 F.Supp.2d 828, 832-33 (S.D. Tex. 2008). Current IQ test results consistent with plaintiff's school records, when considered in combination with the other mental and physical impairments found by the ALJ, may have satisfied

the requirements of Listing 12.05C.[1] At the very least, such evidence would require the ALJ to consider the Listing. *See Simmons v. Astrue*, No. 3-10-CV-1516-B-BK, 2011 WL 1196938 at *5 (N.D. Tex. Mar. 11, 2011), *rec. adopted*, 2011 WL 1211053 (N.D. Tex. Mar. 30, 2011) (ALJ must consider Listing 12.05C where record includes evidence of low IQ and other severe impairments); *Kingsbury v. Astrue*, No. 08-4014-JAR, 2008 WL 4826139 at *5 (D. Kan. Nov. 5, 2008) (same). Because the ALJ did not fully develop the record in this regard, a remand is required. *See Abbott v. Astrue*, No. 7-11-CV-24-O-KA, 2011 WL 4337129 at *4 (N.D. Tex. Aug. 24, 2011), *rec. adopted*, 2011 WL 4336692 (N.D. Tex. Sep. 15, 2011) (remand required where school records raised "reasonable suspicion" that plaintiff suffered from degree of mental retardation and ALJ failed to order consultative examination with IQ testing).

---

[1] Listing 12.05C provides, in pertinent part:

> Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> * * *
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

*See* 20 C.F.R. pt. 404, Subpt. P., App. 1 § 12.05C. To meet the requirements of this listing, the claimant must satisfy the diagnostic elements of the introductory paragraph as well as the specific factors of paragraph C. *See Randall v. Astrue*, 570 F.3d 651, 659-60 (5th Cir. 2009); *Arce v. Barnhart*, 185 Fed.Appx. 437, 2006 WL 1765899 at *1 (5th Cir. Jun. 22, 2006). A formal diagnosis of mental retardation is not required. *See Blackstock v. Astrue*, 527 F.Supp.2d 604, 619 (S.D.Tex. 2007) (citing cases).

## CONCLUSION

The hearing decision is reversed, and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.[2]

SO ORDERED.

DATED: February 28, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] By remanding this case for further administrative proceedings, the court does not suggest that plaintiff is or should be found disabled.